IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RYAN STILLMAN LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:13cv00055 |
| | ) | |
| v. | ) | |
| | ) | |
| GARY L. SHIVELY, et al. | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on defendants Gary Shively's ("Shively) and Patrick Lamb's ("Lamb") bills of costs. Dkt. Nos. 81 and 82. Plaintiff Ryan Lucas ("Lucas") filed an objection to the bills of costs arguing on multiple grounds that the costs are not eligible for recovery. Dkt. No. 83. The parties did not request oral argument, so the court will rule on the papers filed. For the reasons that follow, the court will **DENY** the defendants' bills of costs.

I.

Rule 54 of the Federal Rules of Civil Procedure permits a prevailing party to recover costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted). However, a non-prevailing party may "show circumstances sufficient to overcome" this presumption. Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)). Factors that justify denying an award of costs include: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory;

or (5) the closeness and difficulty of the issues decided." Id. (citing Cherry, 186 F.3d at 446). A district court must "articulate some good reason" for a denial of costs. Cherry, 186 F.3d at 446 (internal citations omitted).

## II.

Lucas claims the defendants' bills of costs should be denied because the bills are not properly verified, this case involved close and difficult issues, he is unable to pay costs, the bills are untimely, and some of the costs are not eligible for recovery under 28 U.S.C. § 1920.

## A.

Lucas argues the bills of costs should be denied because they lack the proper verification required by 28 U.S.C. § 1924. Section 1924 requires that an attorney filing a bill of costs "shall attach thereto an affidavit, made by himself or by his duly authorized attorney . . . that such item is correct and has been necessarily incurred in the case . . . ." Lucas directs the court to Volvo Trademark Holding Antiebolaget v. CLM Equip. Co., Nos. 1:00cv238, 1:01cv232, 2008 WL 2669289 (W.D.N.C. Jun. 27, 2008) to support his claim that the bills of costs are not properly verified because they lack affidavits. The Volvo court ruled that the declaration section found on the court's bill of costs form does not satisfy § 1924's affidavit requirement. Id. at *3.[1] Several courts of appeals agree with this interpretation of § 1924. See Reece v. Bank of New York Mellon, 760 F.3d 771, 779-80 (8th Cir. 2014); Centennial Archaeology, Inc. v. AECOM, Inc., 688 F.3d 673, 681 (10th Cir. 2012); Wahl v. Carrier Mfg. Co., Inc., 511 F.2d 209, 216 (7th Cir. 1975). These courts read § 1924 as leaving "no room for discretion" even when a prevailing party files a bill of costs form. Reece, 760 F.3d at 779. Notably, defendants have not even attempted to correct this oversight despite plaintiff's calling it to their attention. See Morrissey v. Cnty. Tower Corp., 568 F. Supp. 980, 981 (E.D. Mo. 1983).

---

[1] The Western District of North Carolina uses the exact same form for bills of costs as the Western District of Virginia: AO 133.

2

The Volvo court's ruling, however, is at odds with 28 U.S.C. § 1746. Section 1746 provides that

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration ,verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . . .
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

See also Trammell Real Estate Corp. v. Trammell, 748 F.2d 1516, 1518 (11th Cir. 1984) (district court abused its discretion in disallowing costs because signed and dated declaration in bill of costs was substantially similar to § 1746's permissible substitute, and "accuracy of incurred costs [was] achieved despite the lack of a separate affidavit.") In accordance with § 1724, the Fourth Circuit has given a letter "declared that it was true under penalty of perjury . . . the status of an affidavit" in the summary judgment context. United States v. Arlington Cnty., Va., 702 F.2d 485, 490 (4th Cir. 1983). If a witness's declaration serves as admissible evidence for purposes of summary judgment, surely an attorney's sworn declaration as to the costs incurred in a civil action satisfies the requirements of section 1924. The statement provided on AO 133 for filing a bill of costs is substantially similar to the language in § 1746(2). Under § 1746, such a declaration may serve as a substitute wherever any "law of the United States" or any "rule" requires "a matter . . . to be supported, evidenced, established, or proved by [a] sworn . . . affidavit" Accordingly, the court declines to follow the Volvo court's decision and finds that the bills of costs were properly verified.

3

**B.**

Lucas also urges the court to deny the bills of costs because this case presented close and difficult questions, he does not have the ability to pay costs, and the bills were not timely filed.

"A case's closeness 'is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficultly of discerning the law of the case.'" Va. Panel Corp. v. MAC Panel Co., 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728 (6th Cir. 1986)). The issues in this case were close and difficult. The court's memorandum opinion granting summary judgment for the defendants, Lucas v. Shively, 31 F. Supp. 3d. 800 (W.D. Va. 2014), required significant factual development, and the legal issues touched on 42 U.S.C. § 1983 liability, qualified immunity, and probable cause analysis. After hearing oral argument on the motions for summary judgment, the court ordered supplemental briefing on fingerprint analysis methodology before rendering its decision in the defendants' favor. Accordingly, the court finds that the closeness and difficulty of the issues in this case weigh in favor of denying the defendants' bills of costs.

The losing party's ability to pay an award of costs may also be considered, but before denying a bill of costs, the court must be satisfied "the losing party does [not] in fact have 'the effective ability to satisfy the prevailing party's bill of costs.'" Green v. Winchester Med. Ctr., No. 5:13cv00064, 2015 WL 247871, at *3 (W.D. Va. Jan. 20, 2015) (quoting Cherry, 186 F.3d at 447.) Lucas works at a concrete pipe plant in Salem, Virginia and earns about $14.00 an hour. Dkt. No. 44 at *3. He supports his wife and two children, and they currently live in his parents' basement. Lucas pays his parents $150.00 each week for rent. Lucas Dep., Dkt. No. 44-17, at 9:15-21, 12:20-22. Based on the evidence of Lucas's limited financial resources, the court finds that he does not have the ability to pay costs, and this finding also weighs in favor of denying defendants' bills of costs.

Finally, Lucas argues that the bills of costs are untimely because they were not filed until eight months after the court's final order granting summary judgment for the defendants. Neither Rule 54 nor the Local Rules for the Western District of Virginia sets a deadline for timely filing a bill of costs, and a prevailing party "'need only seek costs within a reasonable time.'" Green, 2015 WL 247871 at *3 (quoting Ratcliff v. ABC Television & Appliance Rental, Inc., No. 7:04cv00757, 2006 WL 229153, at *1 (W.D. Va. Jan. 19, 2006)). The bills of costs were filed within thirty days of the Fourth Circuit Court of Appeals order affirming summary judgment for the defendants. As such, the court does not find it unreasonable that defendants filed their bills of costs after the Fourth Circuit affirmed this court's decision. Compare Walker v. Mod-U-Kraf Homes, LLC, No. 7:12cv00470, 2014 WL 2450118, at *2 (W.D. Va. May 30, 2014) (four-month delay not unreasonable) with United States v. Pinto, 44 F.R.D. 357, 359 (W.D. Mich. 1968) (four-year delay unreasonable).

The defendants' bills of costs were timely filed and properly verified. Given the close and difficult factual and legal issues involved in this case along with Lucas's limited financial resources, however, the court finds that it would be unjust to award costs to the defendants. See Green, 2015 WL 247871 at *4 (citing Cherry, 186 F.3d at 446).[2]

### III.

In sum, the court the court finds that the circumstances in this case are sufficient to overcome the presumption that costs should be awarded to the prevailing parties. Ellis, 434 F. App'x at 235. Accordingly, the court will **DENY** defendants' bills of costs, Dkt. Nos. 81 and 82. The Fourth Circuit taxed costs to Lucas in the amount of $76.80. Dkt. No. 84. Pursuant to that

---

[2] Because the court is denying to award costs in this case, it is unnecessary to address Lucas's challenges as to the amounts claimed in the bills of costs.

5

order, the court **AWARDS** costs in the amount of $76.80 to Patrick Lamb. See Dkt. Nos. 84 and 84-1.[3]

      A corresponding order consistent with this Memorandum Opinion will be entered this day. The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

                Entered: May 5, 2015

                */s/ Michael F. Urbanski*

                Michael F. Urbanski
                United States District Judge

---

[3] It would be an abuse of discretion for this court to refuse to award costs mandated by the Fourth Circuit. Ellis, 434 F. Appx. at 235 (citing Invention Submission Corp. v. Dudas, 413 F.3d 411, 415 (4th Cir. 2005)).

6